Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
Tel: (973) 690-5400

*Attorneys for Plaintiffs
Genentech, Inc., Hoffmann-La Roche Inc.,
and PTC Therapeutics, Inc.*

Eric Alan Stone
Daniel J. Klein*
Eliza P. O'Connor*
Aileen Huang*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
565 Fifth Ave, Suite 2900
New York, NY 10017
Tel: (332) 269-0030

Philip S. May
Alyssa B. Ertel*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
801 17th Street NW, Suite 1050
Washington, D.C. 20006
Tel: (202) 505-5830

**Pro hac vice* application forthcoming

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

GENENTECH, INC., HOFFMANN-LA ROCHE INC., and PTC THERAPEUTICS, INC.,

*Plaintiffs*,

v.

ZYDUS LIFESCIENCES GLOBAL FZE, ZYDUS LIFESCIENCES LTD., and ZYDUS PHARMACEUTICALS (USA) INC.,

*Defendants*.

Case No. ____________________

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Genentech, Inc. ("Genentech"), Hoffmann-La Roche Inc. ("Roche"), and PTC Therapeutics, Inc. ("PTC"), for their Complaint against Defendants Zydus Lifesciences Global FZE ("Zydus FZE"), Zydus Lifesciences Ltd. ("Zydus Ltd."), and Zydus Pharmaceuticals (USA) Inc. ("Zydus Inc.") (collectively, "Zydus"), allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the laws of the United States, including 35 U.S.C. §§ 271(a), (b), (c), and (e), arising from Zydus's Abbreviated New Drug Application No. 222036 (the "Zydus Tablets ANDA") to the United States Food and Drug Administration ("FDA"), by which Zydus seeks approval to market a generic version of Genentech and Roche's pharmaceutical product EVRYSDI® (risdiplam) tablets prior to the expiration of one or more of United States Patent Nos. 9,969,754 (the "'754 Patent"), 11,827,646 (the "'646 Patent"), 11,534,444 (the "'444 Patent"), 12,122,789 (the "'789 Patent"), and 12,350,273 (the "'273 Patent" and, collectively with the '754 Patent, the '646 Patent, the '444 Patent, and the '789 Patent, the "Asserted Patents"), which cover, *inter alia*, EVRYSDI® tablets and/or their use.

## THE PARTIES

### Plaintiffs

2. Plaintiff Roche is a New Jersey corporation with a principal place of business at 150 Clove Road, Little Falls, NJ 07424. Roche is a pharmaceutical company that researches, develops, and manufactures drugs to address unmet medical needs. Roche helped develop and obtained approval from FDA to market EVRYSDI®, the first and only therapy approved by FDA for treatment of spinal muscular atrophy ("SMA") in adults and children that can be administered orally at home.

3. Plaintiff Genentech is a Delaware corporation with a principal place of business at One DNA Way, South San Francisco, CA 94080. Genentech is a biotechnology company that

develops, manufactures, and commercializes medicines to treat patients with serious and life-threatening medical conditions. Genentech holds the exclusive right to sell, distribute, and market EVRYSDI® tablets in the United States.

4. Plaintiff PTC is a Delaware corporation with a principal place of business at 500 Warren Corporate Center Drive, Warren, NJ 07059. PTC is a pharmaceutical company focused on the discovery, development, and commercialization of clinically differentiated medicines that provide benefits to patients living with rare disorders.

**Defendants**

5. On information and belief, Defendant Zydus FZE is a corporation organized and existing under the laws of Dubai, United Arab Emirates, having a principal place of business at FZJO B2601, Jebel Ali Free Zone, Dubai, Dubai, United Arab Emirates. On information and belief, Zydus FZE is a wholly owned subsidiary of Zydus Ltd. and is controlled by Zydus Ltd.

6. On information and belief, Defendant Zydus Ltd. is a corporation organized and existing under the laws of India, having its corporate offices and principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382481, Gujarat, India.

7. On information and belief, Defendant Zydus Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business located at 73 Route 31 N., Pennington, NJ 08534. On information and belief, Zydus Inc. is a wholly owned subsidiary of Zydus Ltd. and is controlled by Zydus Ltd.

8. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. acted in concert to prepare and file the Zydus Tablets ANDA.

## JURISDICTION

9. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., and this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10. This Court has personal jurisdiction over Zydus FZE and Zydus Ltd. under Fed. R. Civ. P. 4(k)(2) because, on information and belief, Zydus FZE and Zydus Ltd. are organized under the laws of the United Arab Emirates and India, respectively, and are not subject to jurisdiction in any State's courts of general jurisdiction and because exercising jurisdiction is consistent with the United States Constitution and laws, including because Zydus FZE and Zydus Ltd. have sufficient contacts with the United States that relate to the claims in this case.

11. On information and belief, Zydus FZE is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of New Jersey and throughout the United States.

12. Zydus FZE has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, including Genentech, which sells EVRYSDI® for use throughout the United States, including in this judicial District. On information and belief, and as indicated by the Zydus Tablets Notice Letter (as further defined herein), Zydus FZE prepared and filed, or aided, abetted, contributed to, and/or participated in the preparation and filing of the Zydus Tablets ANDA with the intention of seeking to market generic risdiplam nationwide, including within this judicial District.

13. On information and belief, Zydus FZE plans to market and sell generic risdiplam in the State of New Jersey, list generic risdiplam on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursement for sales of the ANDA products in the State of New

Jersey, either directly or through one or more of Zydus FZE's wholly owned subsidiaries, agents, and/or alter egos.

14. On information and belief, Zydus FZE knows and intends that its proposed generic risdiplam product will be distributed and sold in New Jersey and will thereby displace sales of EVRYSDI®, causing injury to Plaintiffs. Zydus FZE intends to take advantage of its established channels of distribution in New Jersey for the sale of its proposed generic risdiplam product.

15. This Court also has personal jurisdiction over Zydus Ltd. by virtue of, *inter alia*, its having engaged in systematic and continuous contacts with the State of New Jersey, including but not limited to through its United States subsidiary Zydus Inc., which has a principal place of business in Pennington, NJ; having previously admitted, consented to, or declined to contest the jurisdiction of this Court; and/or having availed itself of this Court's rights, benefits, and privileges by asserting claims and counterclaims in prior or pending District of New Jersey actions. *See, e.g.*, *Genentech, Inc. et al. v. Natco Pharma Ltd. et al.*, Civ. No. 24-10567-JCG-JSA (D.N.J. Nov. 18, 2024); *AbbVie Inc. et al. v. Zydus Pharms. (USA) Inc. et al.*, Civ. No. 24-4603-ZNQ (D.N.J. Apr. 5, 2024); *Aragon Pharms., Inc. et al. v. Zydus Worldwide DMCC et al.*, Civ. No. 22-2964-SRC (D.N.J. May 20, 2022).

16. On information and belief, Zydus Ltd. is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of New Jersey and throughout the United States.

17. Zydus Ltd. has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, including Genentech, which sells EVRYSDI® for use throughout the United States, including in this judicial District. On information and belief, and as indicated by the Zydus Tablets

Notice Letter (as further defined herein), Zydus Ltd. prepared and filed, or aided, abetted, contributed to, and/or participated in the preparation and filing of the Zydus Tablets ANDA with the intention of seeking to market generic risdiplam nationwide, including within this judicial District.

18. On information and belief, Zydus Ltd. plans to market and sell generic risdiplam in the State of New Jersey, list generic risdiplam on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursement for sales of the ANDA products in the State of New Jersey, either directly or through one or more of Zydus Ltd.'s wholly owned subsidiaries, agents, and/or alter egos.

19. On information and belief, Zydus Ltd. knows and intends that its proposed generic risdiplam product will be distributed and sold in New Jersey and will thereby displace sales of EVRYSDI®, causing injury to Plaintiffs. Zydus Ltd. intends to take advantage of its established channels of distribution in New Jersey for the sale of its proposed generic risdiplam product.

20. Although this Court has personal jurisdiction over Zydus FZE and Zydus Ltd. for at least the reasons set forth above, in the absence of such personal jurisdiction in any single state, foreign entities such as Zydus FZE and Zydus Ltd. are subject to jurisdiction throughout the United States. *See* Fed. R. Civ. P. 4(k)(2); *see, e.g.*, *Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*, 933 F.3d 1302, 1311–12 (Fed. Cir. 2019); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1003 (Fed. Cir. 2018).

21. This Court has personal jurisdiction over Zydus Inc. by virtue of, *inter alia*, its being incorporated in the State of New Jersey and having a principal place of business in Pennington, NJ, and its having engaged in systematic and continuous contacts with the State of New Jersey; its having previously admitted, consented to, or declined to contest the jurisdiction of

this Court; and/or its having availed itself of this Court's rights, benefits, and privileges by asserting claims and counterclaims in prior or pending District of New Jersey actions. *See, e.g.*, *Genentech, Inc. et al. v. Natco Pharma Ltd. et al.*, Civ. No. 24-10567-JCG-JSA (D.N.J. Nov. 18, 2024); *AbbVie Inc. et al. v. Zydus Pharms. (USA) Inc. et al.*, Civ. No. 24-4603-ZNQ (D.N.J. Apr. 5, 2024); *Aragon Pharms., Inc. et al. v. Zydus Worldwide DMCC et al.*, Civ. No. 22-2964-SRC (D.N.J. May 20, 2022); *Valeant Pharms. N. Am. LLC v. Zydus Pharms. (USA) Inc.*, Civ. No. 18-13635-PGS (D.N.J. Sept. 6, 2018); *Otsuka Pharm. Co. v. Zydus Pharms. (USA) Inc. et al.*, Civ. No. 17-2754-JBS (D.N.J. Apr. 21, 2017).

22. On information and belief, Zydus Inc. is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of New Jersey and throughout the United States.

23. Zydus Inc. has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, including Genentech, which sells EVRYSDI® for use throughout the United States, including in this judicial District. On information and belief, and as indicated by the Zydus Tablets Notice Letter (as further defined herein), Zydus Inc. prepared and filed, or aided, abetted, contributed to, and/or participated in the preparation and filing of the Zydus Tablets ANDA with the intention of seeking to market generic risdiplam nationwide, including within this judicial District.

24. On information and belief, Zydus Inc. plans to market and sell generic risdiplam in the State of New Jersey, list generic risdiplam on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursement for sales of the ANDA products in the State of New

Jersey, either directly or through one or more of Zydus Inc.'s wholly owned subsidiaries, agents, and/or alter egos.

25. On information and belief, Zydus Inc. knows and intends that its proposed generic risdiplam product will be distributed and sold in New Jersey and will thereby displace sales of EVRYSDI®, causing injury to Plaintiffs. Zydus Inc. intends to take advantage of its established channels of distribution in New Jersey for the sale of its proposed generic risdiplam product.

26. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. collaborate with respect to the manufacture, regulatory approval, marketing, sale, and/or distribution of generic pharmaceutical products. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. are agents of one another or operate in concert as integrated parts of the same business group. On information and belief, Zydus FZE, in collaboration with Zydus Ltd. and Zydus Inc., manufactures and distributes generic pharmaceutical products for sale in the State of New Jersey and throughout the United States.

## VENUE

27. Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) with respect to Plaintiffs' claims against Zydus FZE and Zydus Ltd. because, *inter alia*, Zydus FZE and Zydus Ltd. are foreign corporations that are incorporated in the United Arab Emirates and India, respectively, and may be deemed to reside and be sued in any judicial district in the United States in which Zydus FZE and Zydus Ltd., respectively, are subject to this Court's personal jurisdiction. *See In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018).

28. Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) with respect to Plaintiffs' claims against Zydus Inc. because, *inter alia*, Zydus Inc. resides in New Jersey by being incorporated in the State of New Jersey and by having a regular and established place of business in Pennington, NJ, and has committed acts of infringement in

the State of New Jersey including, *inter alia*, by participating in the submission of the Zydus Tablets ANDA in the State of New Jersey.

**EVRYSDI® TABLETS**

29. Genentech holds New Drug Application ("NDA") No. 219285 for EVRYSDI® (risdiplam) tablets, a survival of motor neuron 2 ("SMN2") splicing modifier indicated for the treatment of SMA in pediatric and adult patients, which Genentech sells under the trade name EVRYSDI® tablets.

30. EVRYSDI® was initially approved in August 2020 as a powder for oral solution. EVRYSDI® tablets were approved in February 2025.

31. The claims of the Asserted Patents cover, *inter alia*, EVRYSDI® tablets and/or their use.

32. The active ingredient in EVRYSDI® tablets is risdiplam.

33. The EVRYSDI® tablet prescribing information label (the "EVRYSDI® Label") states that each EVRYSDI® tablet contains 5 mg of risdiplam.

34. The EVRYSDI® Label states that EVRYSDI® should be administered to a patient orally once daily and that the recommended dosage of EVRYSDI® is determined by age and body weight, as follows:

**-------------------- DOSAGE AND ADMINISTRATION --------------------**

- Administer once daily with or without food per the table below (2.1):

| Age and Body Weight | Recommended Daily Dosage | Dosage Form |
|---|---|---|
| Less than 2 months of age | 0.15 mg/kg | EVRYSDI for Oral Solution |
| 2 months to less than 2 years of age | 0.2 mg/kg | |
| 2 years of age and older weighing less than 20 kg | 0.25 mg/kg | |
| 2 years of age and older weighing 20 kg or more | 5 mg | EVRYSDI for Oral Solution or EVRYSDI Tablet |

EVRYSDI® Label, Table 1.

35. EVRYSDI® tablets are indicated for patients who are 2 years of age and older weighing 20 kg or more. EVRYSDI® for oral solution is indicated for those same patients, as well as patients who are 2 years of age and older weighing less than 20 kg, patients who are 2 months to less than 2 years of age, and patients who are less than 2 months of age, at differing dose amounts.

36. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the Asserted Patents as well as U.S. Patent No. 9,586,955 (the "'955 Patent") are listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "*Orange Book*") in connection with EVRYSDI® tablets and the related NDA.

**<u>THE ZYDUS TABLETS ANDA</u>**

37. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. acted collaboratively and in concert to file the Zydus Tablets ANDA under Section 505(j) of the Federal

Food, Drug, and Cosmetic Act, *i.e.*, 21 U.S.C. § 355(j), seeking approval to commercially manufacture, use, sell, and/or market a generic version of EVRYSDI® tablets (the "Zydus Tablets ANDA Product").

38. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. acted collaboratively and in concert to prepare and submit the Zydus Tablets ANDA and continue to act collaboratively and in concert to pursue FDA approval of the Zydus Tablets ANDA and to seek to market the Zydus Tablets ANDA Product.

39. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. rely on material assistance from each other to manufacture, market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of New Jersey. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. intend to act collaboratively and in concert to commercially manufacture, market, distribute, import into the United States, offer for sale, and/or sell the Zydus Tablets ANDA Product, in the event FDA approves the Zydus Tablets ANDA.

40. On information and belief, the Zydus Tablets ANDA refers to and relies upon the EVRYSDI® NDA and contains data that, according to Zydus, demonstrates the bioequivalence of the Zydus Tablets ANDA Product and EVRYSDI® tablets.

41. On information and belief, Zydus made and included in the Zydus Tablets ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that, in its opinion and to the best of its knowledge, the Asserted Patents are invalid, unenforceable, and/or that certain claims will not be infringed by the Zydus Tablets ANDA Product.

42. On information and belief, Zydus did not make or include in the Zydus Tablets ANDA a Paragraph IV Certification with respect to the '955 Patent. On information and belief, Zydus made and included in the Zydus Tablets ANDA a certification under 21 U.S.C.

§ 355(j)(2)(A)(vii)(III) ("Paragraph III Certification") that Zydus will not market the Zydus Tablets ANDA Product until after the expiration of the '955 Patent.

43. Genentech, Roche, and PTC received written notice of the Zydus Tablets ANDA by letter dated October 2, 2026 (hereinafter, the "Zydus Tablets Notice Letter"), along with an enclosed statement (the "Zydus Tablets Detailed Statement") of Zydus's alleged factual and legal bases for stating that the Asserted Patents are invalid, unenforceable, and/or will not be infringed by the Zydus Tablets ANDA Product. The Zydus Tablets Notice Letter and the Zydus Tablets Detailed Statement do not contain any factual or legal allegations that the '955 Patent is invalid, unenforceable, or will not be infringed by the Zydus Tablets ANDA Product.

44. The Zydus Tablets Detailed Statement does not provide any factual bases for stating that the Asserted Patents are unenforceable.

45. Zydus has infringed one or more claims of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A) by virtue of the filing of the Zydus Tablets ANDA, including with a Paragraph IV Certification, and seeking FDA approval of the Zydus Tablets ANDA prior to the expiration of the Asserted Patents or any extensions thereof.

46. This action is being commenced within 45 days of receipt of the Zydus Tablets Notice Letter.

47. Zydus has infringed one or more claims of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A) by virtue of filing the Zydus Tablets ANDA seeking FDA approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States a generic version of EVRYSDI® tablets prior to the expiration of the Asserted Patents or any extensions thereof. Zydus will infringe one or more claims of the Asserted Patents under 35 U.S.C. §§ 271(a), (b), or (c) should it engage in, induce, or contribute to the commercial manufacture,

use, offer for sale, sale, distribution in, or importation into the United States of a generic version of EVRYSDI® tablets prior to the expiration of the Asserted Patents or any extensions thereof.

48. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the Asserted Patents are also listed in FDA's *Orange Book* in connection with EVRYSDI® for oral solution and NDA No. 213535.

49. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. acted collaboratively and in concert to file ANDA No. 219902 (the "Zydus Powder ANDA") under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, *i.e.*, 21 U.S.C. § 355(j), seeking approval to commercially manufacture, use, sell, and/or market a generic version of EVRYSDI® for oral solution (the "Zydus Powder ANDA Product"). On information and belief, Zydus made and included in the Zydus Powder ANDA Paragraph IV Certifications that, in its opinion and to the best of its knowledge, the '444, '789, and '273 Patents are invalid, unenforceable, and/or that certain claims will not be infringed by the Zydus Powder ANDA Product.

50. Despite the '754 and '646 Patents being listed in FDA's *Orange Book* for EVRYSDI® for oral solution and NDA No. 213535, Zydus did not include a Paragraph IV Certification in the Zydus Powder ANDA for the '754 and '646 Patents.

51. Plaintiffs received written notice of the Zydus Powder ANDA and Paragraph IV Certifications by letters dated October 21, 2024, January 14, 2025, and December 15, 2025 (collectively, the "Zydus Powder Notice Letters") along with enclosed statements (the "Zydus Powder Detailed Statements") of Zydus's alleged factual and legal bases for stating that the '444, '789, and '273 Patents are invalid, unenforceable, and/or will not be infringed by the Zydus Powder ANDA Product.

52. The Zydus Powder Notice Letters and the Zydus Powder Detailed Statements do not contain any alleged factual and legal basis for stating that the ’754 and ’646 Patents are invalid, unenforceable, and/or will not be infringed by the Zydus Powder ANDA Product.

## THE ASSERTED PATENTS

### U.S. Patent No. 9,969,754

53. The allegations above are incorporated herein by reference.

54. Roche and PTC jointly own the ’754 Patent entitled “Compounds for Treating Spinal Muscular Atrophy.” The United States Patent and Trademark Office (“USPTO”) duly and legally issued the ’754 Patent on May 15, 2018. The ’754 Patent names as inventors Hasane Ratni, Luke Green, Marla L. Weetall, and Nikolai A. Naryshkin. Currently, the ’754 Patent is duly assigned to Roche and PTC. Roche has licensed its rights under the ’754 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® tablets and any product containing risdiplam. Genentech, Roche, and PTC have all necessary rights in and to the ’754 Patent to assert infringement of, and seek relief for, infringement of the ’754 Patent.

55. A true and correct copy of the ’754 Patent is attached to this Complaint as **Exhibit A**.

56. The ’754 Patent claims chemical compounds with a pyridopyrimidinone core and an imidazopyridazine group. For example, claim 36 of the ’754 Patent claims:

> A compound of claim 24, wherein the compound is 7-(4,7-diazaspiro[2.5]octan-7-yl)-2-(2,8-dimethylimidazo[1,2-b] pyridazin-6-yl)pyrido[1,2-a]pyrimidin-4-one.

### U.S. Patent No. 11,827,646

57. The allegations above are incorporated herein by reference.

58. Roche and PTC jointly own the ’646 Patent entitled “Compounds for Treating Spinal Muscular Atrophy.” The USPTO duly and legally issued the ’646 Patent on November 28,

2023. The ’646 Patent names as inventors Hasane Ratni, Luke Green, Marla L. Weetall, and Nikolai A. Naryshkin. Currently, the ’646 Patent is duly assigned to Roche and PTC. Roche has licensed its rights under the ’646 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® tablets and any product containing risdiplam. Genentech, Roche, and PTC have all necessary rights in and to the ’646 Patent to assert infringement of, and seek relief for, infringement of the ’646 Patent.

59. A true and correct copy of the ’646 Patent is attached to this Complaint as **Exhibit B**.

60. The ’646 Patent claims methods of treating SMA using risdiplam. For example, claim 1 of the ’646 Patent claims:

> A method for the treatment of spinal muscular atrophy in a human in need thereof, said method comprising administering to said human a therapeutically effective amount of




> or a pharmaceutically acceptable salt thereof.

61. As another example, claim 11 of the '646 Patent claims:

> A method for the treatment of spinal muscular atrophy in a human in need thereof, said method comprising administering to said human a therapeutically effective amount of




.

**U.S. Patent No. 11,534,444**

62. The allegations above are incorporated herein by reference.

63. Roche owns the '444 Patent entitled "Treatment of SMA." The USPTO duly and legally issued the '444 Patent on December 27, 2022. The '444 Patent names as inventors Jean-Paul Pfefen, Heidemarie Kletzl, and Lutz Mueller. Currently, the '444 Patent is duly assigned to Roche. Roche has licensed its rights under the '444 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® tablets and any product containing risdiplam. Genentech and Roche have all necessary rights in and to the '444 Patent to assert infringement of, and seek relief for, infringement of the '444 Patent.

64. A true and correct copy of the '444 Patent is attached to this Complaint as **Exhibit C**.

65. The '444 Patent claims methods for treating SMA using specific amounts of risdiplam based on the patient's body weight. For example, claim 1 of the '444 Patent claims:

> A method of treating spinal muscular atrophy (SMA) in a subject in need thereof comprising administering to said subject 7-(4,7-diazaspiro[2.5]octan-7-yl)-2-(2,8-dimethylimidazo[1,2-b]pyridazin-6-yl)pyrido[1,2-a]pyrimidin-4-one or a pharmaceutically acceptable salt thereof, wherein the administered dose of 7-(4,7-diazaspiro[2.5]octan-7-yl)-2-(2,8-

dimethylimidazo[1,2-b]pyridazin-6-yl)pyrido[1,2-a]pyrimidin-4-one or a pharmaceutically acceptable salt thereof is

a. 0.25 mg/kg for a subject with a body weight of less than 20 kg, and

b. 5 mg for a subject with a body weight of more than or equal to 20 kg.

66. Claim 9, which depends from claim 1, claims: The method of claim 1, wherein 7-(4,7-diazaspiro[2.5]octan-7-yl)-2-(2,8-dimethylimidazo[1,2-b]pyridazin-6-yl)pyrido[1,2-a]pyrimidin-4-one or a pharmaceutically acceptable salt thereof is administered orally at a dose of 5 mg for a subject with a body weight of more than or equal to 20 kg.

**U.S. Patent No. 12,122,789**

67. The allegations above are incorporated herein by reference.

68. Roche owns the ’789 Patent entitled “Forms of Pyrido[1,2-a]pyrimidin-4-one Derivatives, Its Formulation and Its Process of Making.” The USPTO duly and legally issued the ’789 Patent on October 22, 2024. The ’789 Patent names as inventors Roland Meier, Urs Schwitter, Anne De Paepe, Juergen Thun, and Frank Stowasser. Currently, the ’789 Patent is duly assigned to Roche. Roche has licensed its rights under the ’789 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® tablets and any product containing risdiplam. Genentech and Roche have all necessary rights in and to the ’789 Patent to assert infringement of, and seek relief for, infringement of the ’789 Patent.

69. A true and correct copy of the ’789 Patent is attached to this Complaint as **Exhibit D**.

70. The ’789 Patent claims solid forms of risdiplam. For example, claim 1 of the ’789 Patent claims:

> A solid form of a compound of formula (I)
>
> (I)
>
> 
>
> wherein the solid form is crystalline Form A having an x-ray powder diffraction (XRPD) pattern comprising at least two XRPD peaks selected from the group consisting of 8.3 (±0.2) degrees two-theta, 11.4 (±0.2) degrees two-theta, 15.1 (±0.2) degrees two-theta, 15.9 (±0.2) degrees two-theta, 17.0 (±0.2) degrees two-theta, 24.0 (±0.2) degrees two-theta, and 25.6 (±0.2) degrees two-theta angle of diffraction.

71. The ’789 Patent claims formulations of pharmaceutical compositions comprising risdiplam. As an example, claim 9 of the ’789 Patent claims:

> A pharmaceutical composition comprising the solid form of claim **1**, and a pharmaceutically acceptable excipient.

**U.S. Patent No. 12,350,273**

72. The allegations above are incorporated herein by reference.

73. Roche owns the ’273 Patent entitled “Treatment of SMA.” The USPTO duly and legally issued the ’273 Patent on July 8, 2025. The ’273 Patent names as inventors Jean-Paul Pfefen, Heidemarie Kletzl, and Lutz Mueller. Currently, the ’273 Patent is duly assigned to Roche. Roche has licensed its rights under the ’273 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® tablets and any product containing risdiplam. Genentech and Roche have all necessary rights in and to the ’273 Patent to assert infringement of, and seek relief for, infringement of the ’273 Patent.

74. A true and correct copy of the ’273 Patent is attached to this Complaint as **Exhibit E**.

75. The ’273 Patent claims methods for treating SMA in a human patient using specific amounts of risdiplam based on the patient’s body weight. For example, claim 1 of the ’273 Patent claims:

> A method of treating spinal muscular atrophy (SMA) in a human patient in need thereof, comprising administering to the patient a pharmaceutical composition comprising a compound of formula (I)
>
> (I)
>
> 
> 
>
> at a once daily oral dose of 5 mg, wherein the patient has a body weight of more than or equal to 20 kg.

**<u>COUNT I</u>**
**(BY ALL PLAINTIFFS)**
**(INFRINGEMENT OF THE ’754 PATENT)**

76. The allegations above are incorporated herein by reference.

77. On information and belief, Zydus submitted the Zydus Tablets ANDA to FDA, and thereby seeks FDA approval of the Zydus Tablets ANDA Product.

78. Zydus has infringed at least claim 36 of the ’754 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus Tablets ANDA with a Paragraph IV Certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the

United States or importation into the United States of a generic version of the EVRYSDI® tablets prior to the expiration of the ’754 Patent. At least claim 36 of the ’754 Patent encompasses risdiplam. In the Zydus Tablets Notice Letter, Zydus has not contested infringement of claims 1–8, 10–11, 21–24, 27–28, 31, and 36 of the ’754 Patent.

79. In the Zydus Powder Notice Letters, Zydus did not contest the infringement, validity, and/or enforceability of any claim of the ’754 Patent.

80. Zydus’s commercial manufacture, use, offer to sell, sale, or importation of the Zydus Tablets ANDA Product before the expiration of the ’754 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the ’754 Patent, including, but not limited to, claim 36, under 35 U.S.C. § 271. Zydus’s infringement of at least claim 36 is either literal or under the doctrine of equivalents.

81. Plaintiffs will be harmed substantially and irreparably if Zydus is not enjoined from infringing the ’754 Patent and/or if FDA is not enjoined from approving the Zydus Tablets ANDA before the ’754 Patent expires.

82. Plaintiffs have no adequate remedy at law.

83. Plaintiffs are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Zydus Tablets ANDA to be a date which is not any earlier than the expiration date of the ’754 Patent, including any extensions, adjustments, and exclusivities associated with the ’754 Patent.

84. Zydus was aware of the ’754 Patent when it submitted the Zydus Tablets ANDA. On information and belief, Zydus’s statement of the factual and legal basis regarding the invalidity of the ’754 Patent is devoid of a good faith basis in either the facts or the law.

**COUNT II**
**(BY ALL PLAINTIFFS)**

**(INFRINGEMENT OF THE ’646 PATENT)**

85. The allegations above are incorporated herein by reference.

86. On information and belief, Zydus submitted the Zydus Tablets ANDA to FDA, and thereby seeks FDA approval of the Zydus Tablets ANDA Product.

87. Zydus has infringed at least claims 1 and 11 of the ’646 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus Tablets ANDA with a Paragraph IV Certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of the EVRYSDI® tablets prior to the expiration of the ’646 Patent. At least claims 1 and 11 of the ’646 Patent encompass treating SMA with a therapeutically effective amount of risdiplam. In the Zydus Tablets Notice Letter, Zydus has not contested infringement of claims 1 and 11—or any claim—of the ’646 Patent.

88. In the Zydus Powder Notice Letters, Zydus did not contest the infringement, validity, and/or enforceability of any claim of the ’646 Patent.

89. On information and belief, the Zydus Tablets ANDA essentially copies the EVRYSDI® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians and/or patients to infringe at least claims 1 and 11 of the ’646 Patent.

90. On information and belief, the Zydus Tablets ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claims 1 and 11 of the ’646 Patent.

91. Zydus’s commercial manufacture, use, offer to sell, sale, or importation of the Zydus Tablets ANDA Product before the expiration of the ’646 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the ’646 Patent, including, but not

limited to, claims 1 and 11, under 35 U.S.C. § 271. Zydus's infringement of at least claims 1 and 11 is either literal or under the doctrine of equivalents.

92. Plaintiffs will be harmed substantially and irreparably if Zydus is not enjoined from infringing the '646 Patent and/or if FDA is not enjoined from approving the Zydus Tablets ANDA before the '646 Patent expires.

93. Plaintiffs have no adequate remedy at law.

94. Plaintiffs are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Zydus Tablets ANDA to be a date which is not any earlier than the expiration date of the '646 Patent, including any extensions, adjustments, and exclusivities associated with the '646 Patent.

95. Zydus was aware of the '646 Patent when it submitted the Zydus Tablets ANDA. On information and belief, Zydus's statement of the factual and legal basis regarding the invalidity of the '646 Patent is devoid of a good faith basis in either the facts or the law.

**COUNT III**
**(BY GENENTECH AND ROCHE)**
**(INFRINGEMENT OF THE '444 PATENT)**

96. The allegations above are incorporated herein by reference.

97. On information and belief, Zydus submitted the Zydus Tablets ANDA to FDA, and thereby seeks FDA approval of the Zydus Tablets ANDA Product.

98. Zydus has infringed at least claim 9 of the '444 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus Tablets ANDA with a Paragraph IV Certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of the EVRYSDI® tablets prior to the expiration of the '444 Patent. At least claim 9 of the '444 Patent encompasses a method

of treating SMA in a patient in need thereof with risdiplam. In the Zydus Tablets Notice Letter, Zydus has not contested infringement of claims 1–18 and 20–35 of the ’444 Patent.

99. On information and belief, the Zydus Tablets ANDA essentially copies the EVRYSDI® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians and/or patients to infringe at least claim 9 of the ’444 Patent.

100. On information and belief, the Zydus Tablets ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 9 of the ’444 Patent.

101. Zydus’s commercial manufacture, use, offer to sell, sale, or importation of the Zydus Tablets ANDA Product before the expiration of the ’444 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the ’444 Patent, including, but not limited to, claim 9, under 35 U.S.C. § 271. Zydus’s infringement of at least claim 9 is either literal or under the doctrine of equivalents.

102. Genentech and Roche will be harmed substantially and irreparably if Zydus is not enjoined from infringing the ’444 Patent and/or if FDA is not enjoined from approving the Zydus Tablets ANDA before the ’444 Patent expires.

103. Genentech and Roche have no adequate remedy at law.

104. Genentech and Roche are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Zydus Tablets ANDA to be a date which is not any earlier than the expiration date of the ’444 Patent, including any extensions, adjustments, and exclusivities associated with the ’444 Patent.

105. Zydus was aware of the ’444 Patent when it submitted the Zydus Tablets ANDA. On information and belief, Zydus’s statement of the factual and legal basis regarding the invalidity of the ’444 Patent is devoid of a good faith basis in either the facts or the law.

**COUNT IV**
**(BY GENENTECH AND ROCHE)**
**(INFRINGEMENT OF THE ’789 PATENT)**

106. The allegations above are incorporated herein by reference.

107. On information and belief, Zydus submitted the Zydus Tablets ANDA to FDA, and thereby seeks FDA approval of the Zydus Tablets ANDA Product.

108. Zydus has infringed at least claims 1 and 9 of the ’789 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus Tablets ANDA with a Paragraph IV Certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of the EVRYSDI® tablets prior to the expiration of the ’789 Patent. At least claim 1 of the ’789 Patent encompasses solid forms of risdiplam and at least claim 9 of the ’789 Patent encompasses pharmaceutical compositions comprising risdiplam. In the Zydus Tablets Notice Letter, Zydus has not contested infringement of claims 1–9 and 12–31 of the ’789 Patent.

109. Zydus’s commercial manufacture, use, offer to sell, sale, or importation of the Zydus Tablets ANDA Product before the expiration of the ’789 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the ’789 Patent, including, but not limited to, claims 1 and 9, under 35 U.S.C. § 271. Zydus’s infringement of at least claims 1 and 9 is either literal or under the doctrine of equivalents.

110. Genentech and Roche will be harmed substantially and irreparably if Zydus is not enjoined from infringing the ’789 Patent and/or if FDA is not enjoined from approving the Zydus Tablets ANDA before the ’789 Patent expires.

111. Genentech and Roche have no adequate remedy at law.

112. Genentech and Roche are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Zydus Tablets ANDA to be a date which is not any earlier than the expiration date of the ’789 Patent, including any extensions, adjustments, and exclusivities associated with the ’789 Patent.

113. Zydus was aware of the ’789 Patent when it submitted the Zydus Tablets ANDA. On information and belief, Zydus’s statement of the factual and legal basis regarding the invalidity of the ’789 Patent is devoid of a good faith basis in either the facts or the law.

**COUNT V**
**(BY GENENTECH AND ROCHE)**
**(INFRINGEMENT OF THE ’273 PATENT)**

114. The allegations above are incorporated herein by reference.

115. On information and belief, Zydus submitted the Zydus Tablets ANDA to FDA, and thereby seeks FDA approval of the Zydus Tablets ANDA Product.

116. Zydus has infringed at least claim 1 of the ’273 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus Tablets ANDA with a Paragraph IV Certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of the EVRYSDI® tablets prior to the expiration of the ’273 Patent. At least claim 1 of the ’273 Patent encompasses a method of treating SMA in a human patient in need thereof with risdiplam according to specific weight-based dosing. In the Zydus Tablets Notice Letter, Zydus has not contested infringement of claim 1—or any claim—of the ’273 Patent.

117. On information and belief, the Zydus Tablets ANDA essentially copies the EVRYSDI® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs,

recommends, encourages, and/or suggests physicians and/or patients to infringe at least claim 1 of the ’273 Patent.

118. On information and belief, the Zydus Tablets ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 1 of the ’273 Patent.

119. Zydus’s commercial manufacture, use, offer to sell, sale, or importation of the Zydus Tablets ANDA Product before the expiration of the ’273 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the ’273 Patent, including, but not limited to, claim 1, under 35 U.S.C. § 271. Zydus’s infringement of at least claim 1 is either literal or under the doctrine of equivalents.

120. Genentech and Roche will be harmed substantially and irreparably if Zydus is not enjoined from infringing the ’273 Patent and/or if FDA is not enjoined from approving the Zydus Tablets ANDA before the ’273 Patent expires.

121. Genentech and Roche have no adequate remedy at law.

122. Genentech and Roche are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Zydus Tablets ANDA to be a date which is not any earlier than the expiration date of the ’273 Patent, including any extensions, adjustments, and exclusivities associated with the ’273 Patent.

123. Zydus was aware of the ’273 Patent when it submitted the Zydus Tablets ANDA. On information and belief, Zydus’s statement of the factual and legal basis regarding the invalidity of the ’273 Patent is devoid of a good faith basis in either the facts or the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Genentech, Roche, and PTC respectfully request that this Court enter judgment in their favor and grant the following relief:

A. A judgment that Zydus has infringed directly, contributed to, or induced infringement of one or more claims of the ’754 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, by submitting the Zydus Tablets ANDA to FDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of the Zydus Tablets ANDA Product before the expiration of the ’754 Patent;

B. A judgment that Zydus has infringed directly, contributed to, or induced infringement of one or more claims of the ’646 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, by submitting the Zydus Tablets ANDA to FDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of the Zydus Tablets ANDA Product before the expiration of the ’646 Patent;

C. A judgment that Zydus has infringed directly, contributed to, or induced infringement of one or more claims of the ’444 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, by submitting the Zydus Tablets ANDA to FDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of the Zydus Tablets ANDA Product before the expiration of the ’444 Patent;

D. A judgment that Zydus has infringed directly, contributed to, or induced infringement of one or more claims of the ’789 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, by submitting the Zydus Tablets ANDA to FDA to obtain approval for the commercial manufacture, use, offer for sale, sale,

distribution in, or importation into the United States of the Zydus Tablets ANDA Product before the expiration of the ’789 Patent;

E. A judgment that Zydus has infringed directly, contributed to, or induced infringement of one or more claims of the ’273 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, by submitting the Zydus Tablets ANDA to FDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of the Zydus Tablets ANDA Product before the expiration of the ’273 Patent;

F. A judgment that Zydus will infringe directly, contribute to, or induce the infringement of one or more claims of the ’754 Patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, if Zydus markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States the Zydus Tablets ANDA Product before the expiration of the ’754 Patent;

G. A judgment that Zydus will infringe directly, contribute to, or induce the infringement of one or more claims of the ’646 Patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, if Zydus markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States the Zydus Tablets ANDA Product before the expiration of the ’646 Patent;

H. A judgment that Zydus will infringe directly, contribute to, or induce the infringement of one or more claims of the ’444 Patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, if Zydus markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States the Zydus Tablets ANDA Product before the expiration of the ’444 Patent;

I. A judgment that Zydus will infringe directly, contribute to, or induce the infringement of one or more claims of the ’789 Patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, if Zydus markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States the Zydus Tablets ANDA Product before the expiration of the ’789 Patent;

J. A judgment that Zydus will infringe directly, contribute to, or induce the infringement of one or more claims of the ’273 Patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, if Zydus markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States the Zydus Tablets ANDA Product before the expiration of the ’273 Patent;

K. A judgment ordering that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the Zydus Tablets ANDA, under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), shall not be earlier than the expiration of the ’754, ’646, ’444, ’789, and ’273 Patents, including any extensions, adjustments, or exclusivities;

L. A judgment ordering that Zydus amend its Paragraph IV Certification to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A);

M. Entry of preliminary and permanent injunctions pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 enjoining Zydus, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the ’754, ’646, ’444, ’789, and ’273 Patents, or contributing to or inducing the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the Zydus Tablets ANDA

Product before the expiration of the ’754, ’646, ’444, ’789, and ’273 Patents, including any applicable extensions, adjustments, and exclusivities;

N. If Zydus commercially manufactures, uses, offers to sell, or sells in the United States or imports into the United States the Zydus Tablets ANDA Product prior to the expiration of the ’754, ’646, ’444, ’789, and ’273 Patents, including any extensions, adjustments, or exclusivities, a judgment pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284 awarding Plaintiffs Genentech, Roche, and PTC monetary relief, together with interest;

O. An award to Plaintiffs of attorneys’ fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

P. An award to Plaintiffs of costs and expenses in this action; and

Q. Such other and further relief as this Court may deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

s/ Keith J. Miller
Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
kmiller@rwmlegal.com
bsuiters@rwmlegal.com
Tel: (973) 690-5400

*Attorneys for Plaintiffs Genentech, Inc., Hoffmann-La Roche Inc., and PTC Therapeutics, Inc.*

*Of Counsel*:

Eric Alan Stone
Daniel J. Klein*
Eliza P. O'Connor*
Aileen Huang*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
565 Fifth Ave, Suite 2900
New York, NY 10017
eric.stone@groombridgewu.com
dan.klein@groombridgewu.com
eliza.oconnor@groombridgewu.com
aileen.huang@groombridgewu.com
Tel: (332) 269-0030

Philip S. May
Alyssa B. Ertel*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
801 17th Street NW, Suite 1050
Washington, D.C. 20006
philip.may@groombridgewu.com
alyssa.ertel@groombridgewu.com
Tel: (202) 505-5830

Dated: November 13, 2026

**Pro hac vice* application forthcoming